**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steadfast Insurance Company, ) | CIV. 13-00724-PHX-PGR |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| National Fire & Marine Insurance ) | |
| Company, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court are Defendant's Motion to Dismiss First Amended Complaint (Doc. 14) and Plaintiff's Counter-motion to Remand (Doc. 15). Having reviewed the pleadings, and determined that oral argument is unnecessary, the Court issues the following Order.

**I.  Background**

Plaintiff Steadfast Insurance Company ("Steadfast") filed a complaint in Maricopa County Superior Court on September 26, 2012. (Doc. 1, Ex. A.) Defendant National Fire and Marine Insurance Company ("National Fire") removed the case on April 10, 2013, and it was assigned to this Court on April 25, 2013. (Docs. 1, 11.)

Steadfast filed an amended complaint on May 6, 2013. (Doc. 12.) National Fire filed the pending motion to dismiss on May 20, 2013. (Doc. 14.) On June 6, 2013, Steadfast responded and filed the pending counter-motion to remand. (Doc. 15.) The motions are fully

1 briefed. (*See* Docs. 18, 22, 23, 24.)

2 The first amended complaint brings causes of action for declaratory relief,
3 contribution, indemnity, and breach of contract. (Doc. 12.) Steadfast seeks equitable
4 contribution from National Fire for the defense and indemnity payments made by Plaintiff
5 in an underlying lawsuit, *Campo v. Vista Santa Fe, LLC*, Maricopa County Case No.
6 CV2006-002752. The Campo case involved claims of construction defects concerning
7 residential homes in which the developers and general contractor (collectively "Del Pueblo")
8 were named as defendants. Steadfast, a liability insurer, provided a defense to Del Pueblo.
9 National Fire, a co-insurer, declined coverage. The Campo matter was settled, with Steadfast
10 funding the settlement on Del Pueblo's behalf. The lawsuit was dismissed on December 18,
11 2008.

12 National Fire asserts that Steadfast's contribution and indemnification claims are
13 barred by the three-year statute of limitations set forth in A.R.S. § 12-543 or fail to state a
14 claim upon which relief can be granted. Steadfast argues that the motion to dismiss must be
15 denied because § 12-543 is not applicable to its claims. Steadfast also moves to remand the
16 matter to state court. Alternatively, Steadfast asks for leave to amend its complaint.

17 **II.   Rule 12(b)(6)**

18 When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules
19 of Civil Procedure, "a court must construe the complaint in the light most favorable to the
20 plaintiff and must accept all well-pleaded factual allegations as true." *Shwarz v. United*
21 *States*, 234 F.3d 428, 435 (9th Cir. 2000). However, a court is "not bound to accept as true
22 a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
23 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Threadbare recitals of
24 the elements of a cause of action, supported by mere conclusory statements, do not suffice."
25 *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must contain "enough facts to
26 state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
27 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
28 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678. Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (explaining that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

**III.   Analysis**

   *A.   Equitable contribution and indemnity claims.*

Section 12-543(1) provides a three-year statute of limitations for an action involving a debt "not evidenced by a contract in writing." National Fire argues that this provision applies to Steadfast's equitable contribution and indemnity claims. Steadfast counters that its claims are timely under either A.R.S. § 12-548 or § 12-550. Section 12-548 provides a six-year statute of limitations for claims based on a written contract, while § 12-550 provides a four-year statute of limitations for disputes as to which no limitation period is otherwise provided.

While National Fire acknowledges that "there is no Arizona case law that specifically discusses the statute of limitations in the context of an equitable contribution claim among insurance carriers" (Doc. 14 at 4), it contends that its position is directly supported by cases from other jurisdictions, principally *American States Ins. Co. v. National Fire Ins. Co. of Hartford*, 202 Cal.App.4th 692 (Cal.App. 2011), and *Century Indemnity Co. v. Superior Court*, 50 Cal.App.4th 1115 (Cal.App. 1996). The Court agrees.

*American States* involved an equitable contribution lawsuit between liability insurers. The court held that the plaintiff's claims were rooted in equity, not contract, and thus were subject to the two-year statute of limitations applicable to an action not founded on an

- 3 -

instrument in writing, rather than four-year limitations period for actions founded on a written instrument. *Id.* at 700. This ruling was based on the court's analysis in *Century Indemnity*. In *Century*, Scottsdale Insurance Company sought equitable contribution from Century for money it spent to defend and settle an action against their co-insured. The court rejected Scottsdale's argument that the four-year statute of limitations for breach of contract applied, explaining that "Scottsdale's cause of action is not founded upon an instrument in writing . . . as it is not an action on a contract between contracting parties who are in privity. It is instead an action brought on equitable principles implied in the law and is thus governed by the two-year statute of limitations." *Century*, 50 Cal.App.4th at 1124. *See Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1218 (9th Cir. 2003) (citing *Century* and *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 1295, 77 Cal.Rprt.2d 296, 304 (Cal.App. 1998), noting the "critical distinction between the right of contribution and that of subrogation," and explaining that "the statute of limitations in a subrogation [as opposed to a contribution] action is that which would have been applicable had the insured brought suit on its own behalf").

Steadfast's claim for equitable contribution against National Fire is likewise not contractual in nature. This is made apparent by Arizona case law, which has cited the California cases with approval. In *Nucor Corp. v. Employers Ins. Co. of Wausau*, 231 Ariz. 411, 421–22, 296 P.3d 74, 84–85 (App. 2012), the Arizona Court of Appeals, quoting *Centennial Ins. Co. v. United States Fire Ins. Co.*, 88 Cal.App.4th 105, 115 (Cal.App. 2001), explained that "the reciprocal contribution rights and obligations of several insurers covering the same risk do not arise from and are not governed by contract; instead they flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden." *See Owners Ins. Co. v. Illinois Union Ins. Co.*, No. 1 CA-CV-07-115, 2007 WL 5471953, at *3 (App. 2007).

Other courts have drawn a distinction between actions founded on written agreements and those arising from equitable principles. In *Kim v. Kam*, 128 Hawaii 366, 380, 289 P.3d 1002, 1006 (App. 2012), the court cited *American States*, 202 Cal.App.4th at 700, noting

- 4 -

1  that "[c]ontribution is not founded on contract and is not contractual in nature" (quoting 18
2  Am.Jur.2d *Contribution* § 4 (2004)). In *Schrank v. Pearlman*, 683 So.2d 559, 562 (Fla.App.
3  1996), the court held that a loan guarantors' cause of action for equitable contribution against
4  a co-guarantor, which did not arise from a promise contained in the written guaranties but
5  instead was created by law, was not "founded on a written instrument" and therefore was
6  subject to the shorter, four-year statute of limitations. The court explained that "[i]n order
7  that a contract be founded upon a written instrument, the instrument must contain a contract
8  to do the thing for the nonperformance of which the action is brought. The mere fact that it
9  is remotely or indirectly connected with it or would be a link in the chain of evidence to
10 prove the cause of action is not sufficient." *Id.*; *cf. Armstrong v. Guigler*, 174 Ill.2d 281, 290,
11 673 N.E.2d 290, 295 (Ill. 1996) ("[T]he fact that the origin of a cause of action may
12 ultimately be traced to a writing has never been sufficient, standing alone, to automatically
13 warrant application of the period of limitations governing written contracts.").

14 Steadfast suggests no basis on which to distinguish the principles and authorities
15 relied on in these cases from the issues presented here, and the Court, finding none,
16 concludes that Steadfast's contribution claim is not based on a written contract between the
17 parties. Therefore, the claim falls under the statute of limitations for agreements not in
18 writing, as set forth in A.R.S. § 12-543(1). The claim accrued at the latest in December 2008,
19 when Steadfast paid the settlement amount in the Campo matter. Steadfast did not file its
20 complaint until September 2012, more than three years later.

21 Next, National Fire argues that Steadfast's indemnity claim is in substance a claim for
22 equitable contribution, and therefore subject to the three-year statute of limitations provided
23 in A.R.S. § 12-543. Again, the Court agrees.

24 "Equitable contribution differs from indemnification. Indemnification is the shifting
25 of 100 percent of the liability or payment obligation; contribution is the shifting of a
26 proportionate share." *Nucor*, 231 Ariz. at 420, 296 P.3d at 83 n.16 (quotation omitted). Here,
27 Steadfast does not dispute that it had coverage for the loss and had a duty to defend Del
28 Pueblo. Steadfast acknowledges in its first amended complaint that the parties' policies were

"co-extensive" and overlapped. (Doc. 12, ¶ 23.) Steadfast therefore is not seeking a 100 percent recovery from National Fire, but rather a contribution of National Fire's share. (*Id.*, ¶ 28.)

Steadfast's indemnity claim is indistinguishable from its claim for equitable contribution. It is not based on a written contract, and therefore is untimely under the three-year statute of limitations set forth in A.R.S. § 12-543.

*B.     Breach of contract.*

Steadfast's first amended complaint added a claim for breach of contract. Steadfast claims that it suffered damages by paying sums "for which National Fire is principally liable." (Doc. 12, ¶ 39). Steadfast further contends that it is the assignee of the insured (Del Pueblo's) rights. (*Id.*, ¶ 33.) These allegations do not state a breach of contract claim. There is no contract between Steadfast and National Fire; nor was there a claim to assign to Steadfast. Del Pueblo, having been defended and indemnified by Steadfast, does not have a claim against National Fire. *See American States*, 202 Cal.App.4th at 704.

*C.     Remand.*

Steadfast asks the Court to remand the matter to state court, arguing that abstention is appropriate because the statute of limitations issue is a matter of first impression in Arizona. (Doc. 15 at 13.) The Court will deny this request.

In *Government Employees v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998), the Ninth Circuit explained that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Steadfast has raised claims of equitable contribution, indemnity, and breach of contract, thereby providing an "independent basis for federal diversity jurisdiction." *Assurance Co. of America v. National Fire & Marine Ins. Co.*, No. 2:13-CV-821-JCM(PAL), 2013 WL 4042222, at *2 (D.Nev. Aug. 8, 2013) (quoting *Dizol*, 133 F.3d at 1225 n.6). Moreover, because there is no parallel pending state court matter, there is no danger of duplicative litigation. *Id.* (citing *Brillhart v. Excess Ins. Co. of America*,

316 U.S. 491 (1942)).

    D.    *Leave to amend.*

Asserting that "valid claims can be stated against National Fire," Steadfast seeks leave to amend its complaint in the event the Court grants the motion to dismiss. (Doc. 15 at 3, 10.) National Fire opposes, asserting that amendment would be futile.

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). It has also noted that the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Where a complaint has been dismissed at the pleading stage, dismissal generally should be with leave to amend unless it is clear the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005). While it is not apparent how Steadfast will be able to amend the complaint to state a valid claim, the Court cannot say that amendment is futile, *see DCD Programs*, 833 F.2d at 187, so leave to amend will be granted.

**IV.    Conclusion**

For the reasons discussed above,

IT IS HEREBY ORDERED that Defendant National Fire's motion to dismiss (Doc. 14) is granted with leave to amend. Plaintiff Steadfast shall file an amended complaint on or before January 17, 2014.

IT IS FURTHER ORDERED that Steadfast's counter-motion to remand (Doc. 15) is denied.

DATED this 19th day of December, 2013.

Paul G. Rosenblatt
United States District Judge

- 7 -