**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steadfast Insurance Company,                   )<br>                                                             )<br>              Plaintiff,                             )<br>                                                             )<br>v.                                                        )<br>                                                             )<br>National Fire & Marine Insurance      )<br>Company, et al.,                                   )<br>                                                             )<br>              Defendants.                         )<br>_____ | CV 13-00724-PHX-PGR<br><br>**ORDER** |

Before the Court is Plaintiff's "Motion for Reconsideration." (Doc. 33.) Plaintiff asks the Court to reconsider its order granting Defendant National Fire's motion to dismiss. (Doc. 27.) In that order the Court ruled that Plaintiff's contribution claim was not based on a written contract between the parties and therefore the claim was barred by the three-year statute of limitations for agreements not in writing, as set forth in A.R.S. § 12-543(1). (*Id.*)

Plaintiff contends that the Court neglected to address its argument "regarding the long standing mandate of the Supreme Court of Arizona that if doubt exists regarding the appropriate statute of limitations, the longer period should be applied to the case before the Court." (Doc. 33 at 1.) According to Plaintiff, this omission amounted to clear error or a failure on the Court's part to consider material facts. (*Id.* at 3.)

Although not directly cited by Plaintiff, the basis for its motion appears to be Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Construed under Rule 59(e), therefore, Plaintiff's motion for reconsideration, filed March 10,

2014, more than 28 days after the Court's order dated December 19, 2013, is not timely.

To the extent that Plaintiff relies on Federal Rule of Civil Procedure 60(b)(6), the motion fails. Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Plaintiff's incorrect surmise that the Court failed to consider one of its arguments is not an extraordinary circumstance.

Accordingly,

IT IS HEREBY ORDERED denying Plaintiff's Motion for Reconsideration (Doc. 33).

DATED this 20th day of April, 2014.

_____
Paul G. Rosenblatt
United States District Judge

- 2 -